IN THE UNITED SATES DISTRICT COURT FOR THE
NORTHEN DISTRICT OF OHIO EASTERN DIVISION

| | | |
|---|---|---|
| REGINALD CHERRY, | ) | CASE NO. 4:08CR520 |
| | ) | |
| PETITIONER, | ) | |
| | ) | JUDGE DONALD C. NUGENT |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA | ) | MEMORANDUM OPINION |
| | ) | |
| RESPONDENT. | ) | |

This matter comes before the Court upon Petitioner's Letter Request for any and all relief, dated December 20, 2018, pursuant to the First Step Act.

**Factual and Procedural History**

On November 20, 2009, this Court sentenced Reginald Cherry to a term of 240-months imprisonment for a conviction of armed bank robbery in violation of 18 U.S.C § 2113 (a) and (b). Mr. Cherry was also sentenced to 180-months and 120-months imprisonment for convictions of armed carjacking in violation of 18 U.S.C § 2119 and discharging a firearm during a crime of violence in violation of 18 U.S.C § 924(c)(1)(A)(ii), respectively. All terms of imprisonment were set to be served concurrently.

Prior to sentencing, both parties reached a plea agreement pursuant to Rule 11(c)(1) of the Federal Rules of Civil Procedure. Said plea included agreed upon sentencing terms which are binding on both parties.

The Public Defender's office was appointed to review Petitioner's request of relief pursuant to the First Step Act. The Public Defender's office notified this Court they had no

grounds to file on Petitioner's behalf. Mr. Cherry then filed this request pro se.

## Discussion

First Step Act Section 403(a) revised 28 U.S.C. § 924(c) by reducing the severity of "stacking." Previously, if a defendant was charged with more than one violation of 18 U.S.C § 924(c) in the same indictment and found guilty on all counts, the prison sentences were "stacked" or served consecutively. The First Step Act amended subsection 924(c) and limited such practices to repeat offenders, or a defendant who violated the subsection after a prior conviction under the subsection had become final. FIRST STEP Act, H.R. 5682, 115th Cong. (2018).

Section 403(b) addresses the applicability of this amendment to prior and pending cases. Specifically, Section 403(a) is only applicable to cases in which the sentence for the offense had not been imposed as of the date of enactment on December 21, 2018. FIRST STEP Act, H.R. 5682, 115th Cong. (2018).

Mr. Cherry is not entitled to relief under the First Step Act because his charges do not satisfy either Section 403(a) or (b). Mr. Cherry was convicted of only one violation of 18 U.S.C. § 924(c). Section 403(a) requires the defendant have a final judgment regarding a previous 18 U.S.C § 924(c) violation in order to relief to be granted. Here, Mr. Cherry committed only one violation and therefore, no "stacking" occurred. Finally, Mr. Cherry was sentenced before the date of enactment on December 21, 2018, and therefore, the First Step Act is not applicable in this case.

## Conclusion

For the reasons stated above this Court has concluded that Mr. Cherry is not entitled to any relief pursuant to the First Step Act as his judgment was final prior to the Act's enactment and he was convicted of only one 18 U.S.C § 924(c) violation. Mr. Cherry's request for relief is denied.

IT IS SO ORDERED.

*/s/ Donald C. Nugent*

DONALD C. NUGENT

United States District Judge

DATED: June 7, 2019