UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| REGINALD CHERRY, | ) | CASE NO. 4:08-CR-520 |
| | ) | 4:19-CV-1695 |
| Defendant-Petitioner, | ) | |
| | ) | JUDGE DONALD C. NUGENT |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| Plaintiff-Respondent. | ) | |
| | ) | |

This matter comes before the Court upon the Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. (ECF #100). Petitioner seeks to vacate his sentence and conviction of Count 5, Discharging a Firearm During a Crime of Violence in violation of 18 U.S.C. §924(c)(1)(A)(iii) alleging that his conviction is unconstitutional. (ECF #54). For the reasons set forth below, Petitioner's Motion is DENIED.

## PROCEDURAL HISTORY

On August 26, 2009, Petitioner pled guilty pursuant to a plea agreement to Count 1, Armed Bank Robbery in violation of 18 U.S.C. § 2113(a)(d), Count 2, 3 and 4, Armed Carjacking in violation of 18 U.S.C. § 2119, and Count 5, Discharging a Firearm During a Crime of Violence in violation of 18 U.S.C. §924(c)(1)(A)(iii). (ECF #54). On November 20, 2009, Petitioner was sentenced to 360 months imprisonment. (ECF #60). On July 24, 2019, Petitioner filed a § 2255 motion alleging that his conviction in Count 5, under 18 U.S.C. §924(c)(3)(A) is

unconstitutional. (ECF #100). On August 6, 2019, the Respondent filed a Motion in Opposition to Petitioner's Motion to Vacate, Set Aside, or Correct Sentence. (ECF #102).

## FACTS OF THE CASE

On November 19, 2008 Plaintiff committed a series of crimes. First, at approximately 11:30 a.m., Plaintiff threatened a shopper in the parking lot of an Aldi's with a gun stating, "give me your keys and purse," then took off on foot. Second, at approximately 11:45 a.m., Plaintiff and another male used a gun to threaten the owner of a truck and then drive off with the truck leaving the owner behind. Third, at approximately 2:45 p.m., three masked males, one of which was the Plaintiff, used a large assault-type rifle to threaten tellers of a bank into giving them money. Finally, at approximately 11:00 p.m., a Walmart shopper was threatened by two males while one male pressed a gun into her stomach and said, "we just want your keys. You won't get hurt," then the males fled. Petitioner Cherry entered guilty pleas to the above described conduct. (ECF #54).

## DISCUSSION

Petitioner filed a Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. (ECF #100). Title 28, United States Code, § 2255, sets forth the four grounds upon which a federal prisoner may base a claim for relief: (1) that the sentence was imposed in violation of the Constitution or the laws of the United States; (2) that the court was without jurisdiction to impose such sentence; (3) that the sentence was in excess of the maximum authorized by law; or (4) that the sentence is otherwise subject to collateral attack. Hill v. United States, 368 U.S. 424, 426-27 (1962). To prevail on a § 2255 motion, Petitioner must prove by a preponderance of the

2

evidence that his/her constitutional rights were denied or infringed. United States v. Wright, 624 F.2d 557, 558 (5th Cir. 1980).

It is well settled that a proper § 2255 motion does not reach alleged errors that are not of a constitutional or jurisdictional magnitude and that could have been reached by a direct appeal. Stone v. Powell, 428 U.S. 465, 477 (1976). To "obtain collateral relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal." United States v. Frady, 456 U.S. 152, 166 (1982). "Once the defendant's chance to appeal has been waived or exhausted, however, we are entitled to presume he stands fairly and finally convicted." Id. at 164.

Here, Petitioner claims that his § 924(c) conviction is governed by United States v. Davis, 139 S. Ct. 2319 (2019). Davis states that § 924(c)(3)(B) language is unconstitutionally vague.

Section 924(c) makes it a crime to use, carry, or possess a firearm during, in relation to, or in furtherance of a "crime of violence." 18 U.S.C § 924(c)(3) defines the phrase "crime of violence" as "an offense that is a felony" and

> (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.

§ 924(c)(3)(A) has been coined the "elements clause," and § 924(c)(3)(B) has been coined the "residual clause." It is the "residual clause" that the Supreme Court declared unconstitutionally vague.

Petitioner's claim that Davis retroactively applies to his specific case is unfounded. Petitioner was indicted and convicted under Subsection (A) of 18 U.S.C § 924(c)(3), not Subsection (B). The Supreme Court only declared that Subsection (B) was unconstitutionally

3

vague, leaving Subsection (A) unaffected by the Davis holding.

Further, Petitioner was convicted in Count 1 of Armed Bank Robbery under Title 18, United States Code, §§ 2113(a) and (d). Title 18, Sections 2113(a) and (d) state:

> (a) Whoever, by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, or obtains or attempts to obtain by extortion any property or money or any other thing of value belonging to, or in the care, custody, control, management or possession of, any bank, credit union, or any savings and loan association
>
> (d) Whoever, in committing, or in attempting to commit, any offense defined in subsections (a) and (b) of this section, assaults any person, or puts in jeopardy the life of any person by the use of a dangerous weapon or device, shall be fined under this title or imprisoned not more than twenty-five years, or both.

Petitioner was also convicted in Count 5 of Discharge of a Firearm during and in relation to a Crime of Violence. Count 5 of the Indictment, to which Petitioner pled, states as follows:

> On or about November 19, 2008, in the Northern District of Ohio, Eastern Division, defendants REGINALD CHERRY and RO' CEME JETHROW did knowingly use, carry, and discharge a firearm during and in relation to a crime of violence for which said defendants may be prosecuted in a court of the United States, that is armed bank robbery, in violation of Title 18, Sections 2113(a) and (d), United States Code, as charged in Count 1 of this indictment, in violation of Title 18, **Section 924(c)(1)(A)**, United States Code, and punishable under Title 18, **Section 924(c)(1)(A)(iii)**, United States Code. (emphasis added).

Count 5 of Petitioner's Indictment, the § 924(c) offense was predicated upon Count 1 of the Indictment, that is Armed Bank Robbery. Armed Bank Robbery has been held by various courts to constitute a "crime of violence" under the elements clause as defined in 924(c)(3)(A). "Armed bank robbery is a crime of violence," United States v. Watson, 881 F.3d 782 (9th Cir.), cert. denied, 139 S. Ct. 203, 202 L. Ed. 2d 139 (2018); In re Hines, 824 F.3d 1334, 1337 (11th Cir. 2016); United States v. McNeil, 818 F.3d 141 (4th Cir. 2016). Based on the above information, it is clear that Petitioner's conviction for § 924(c) was under the "elements clause" Subsection (A), and is unaffected by the holding in Davis.

## **CONCLUSION**

Based on the above rationale, Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 is DENIED. Petitioner's claim is denied without an evidentiary hearing as the files and records of the Court establish that Petitioner is not entitled to relief under 28 U.S.C. § 2255. Valentine v. United States, 488 F.3d 325, 333 (6th Cir. 2007) (no evidentiary hearing required where "record conclusively shows that the petitioner is entitled to no relief"). Petitioner's claim that United States v. Davis applies to his specific case is incorrect. Thus Petitioner's Motion is DENIED. IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
Senior United States District Judge

DATED: September 30, 2019

5