UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| Plaintiff, | ) | CASE NO.: 4:08 CR 520 |
| | ) | |
| vs. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| REGINALD CHERRY, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on Mr. Cherry's Motion Pursuant to Fed. R. Civ. P. 60(d)(3). (ECF #118). Fed. R. Civ. Pro. 60(d)(3) is a rule of civil procedure that does not apply to criminal actions and proceedings.[1] It allows the Court to entertain independent actions to relieve a party from a judicial order or proceeding, particularly if they arose from a fraud upon the Court. The appropriate independent action when seeking vacation of sentence, however, must follow the requirements set forth in 28 U.S.C. §2255. A defendant cannot circumvent those restrictions and

---

[1] Defendants frequently use Fed. R. Civ. P. 60 to contest unfavorable rulings on Motions made under 28 U.S.C. §2255. Section 2255 motions, however, are technically civil proceedings, though they are generally consolidated with the dockets of the underlying criminal case. In this case, Mr. Cherry has never filed a §2255 motion.

requirements by filing a motion under Fed. R. Civ. Pro. 60(d). In addition, Mr. Cherry, through his plea agreement, waived his right to challenge his conviction or sentence through post-conviction proceedings, except on specific grounds not alleged in his current motion. (ECF #54, ¶12). A Motion seeking to invalidate the indictment after conviction qualifies as a post-conviction challenge to his conviction or sentence. For these reasons, Mr. Cherry's Motion Pursuant to Fed. R. Civ. P. 60(d) is DENIED. (ECF # 118). IT IS SO ORDERED.

/s/ Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED December 15, 2020